IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DANIEL J. SAYLORS<br>*Plaintiff*, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| COSTCO WHOLESALE<br>CORPORATION<br>*Defendant.* | §<br>§<br>§<br>§ | |

## DEFENDANT COSTCO WHOLESALE CORPORATION'S NOTICE OF REMOVAL

Defendant, COSTCO WHOLESALE CORPORATION ("Costco"), files this Notice of Removal under 28 U.S.C. §§ 1441, 1446, and 1332, and respectfully shows the Court the following:

### I.
### Introduction

1.1   On December 30, 2020, Plaintiff Daniel J. Saylors filed a personal injury lawsuit against Costco in the Hidalgo County Court at Law Number 9, under Cause No. CL-21-0007-I. *Plaintiff's Original Petition*, **Ex. 1**. Mr. Saylors alleges that he suffered injuries when he slipped and fell "due to a spilled substance on the floor" while eating in the food court of the Costco warehouse located at 1501 West Kelly Ave., Pharr, Texas. *Id.*, at § IV. As a result of his claimed bodily injures, Plaintiff seeks to recover damages for: past and future medical expenses; past and future physical impairment; past and future physical pain and suffering; and past and future mental anguish. *Id.*, at § IX.

1.2   Plaintiff's state court action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court in accordance with 28 U.S.C. §

1441. This is a civil action in which the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

1.3     Service of Citation of Plaintiff's Original Petition on Defendant Costco was executed on January 25, 2021. *See Service of Process Transmittal,* **Ex. 2**. Costco filed its Original Answer in state court on January 29, 2021. *See Defendant Costco Wholesale Corporation's Original Answer to Plaintiff's Original Petition,* **Ex. 3**; *State Court Docket Sheet,* **Ex. 4**.

## II.
## The Parties

2.1     Plaintiff is a Texas citizen, who resides in Pharr, Hidalgo County, Texas. *Plaintiff's Original Petition,* at § II, **Ex. 1**.

2.2     Defendant Costco is a Washington Corporation with its principal place of business in the State of Washington. *See Franchise Tax Account Status,* **Ex. 5**.

## III.
## Procedural Requirements for Removal

3.1     Removal is timely, as this Notice is filed within 30 days of Costco receiving service of summons and Plaintiff's Original Petition on January 25, 2021. *See* 28 U.S.C. § 1446(b)(1).

3.2     Written notice of the filing of this Notice of Removal is being given to Plaintiff and his counsel as required by Texas law. Further, Costco is filing a copy of this Notice with the Clerk of the Court for Hidalgo County, Texas—where Plaintiff's cause was originally filed. *See Costco's Notice of Filing of Notice of Removal,* **Ex. 6**.

3.3     Costco has submitted a copy of all processes, pleadings, and orders to this Court as required by 28 U.S.C. § 1446(a).

## IV.
## Venue

4.1    Venue in this district is proper because the Southern District of Texas, McAllen Division, includes Hidalgo County. Hidalgo County is the county where the alleged incident occurred and where the original lawsuit is pending. *Plaintiff's Original Petition*, at § III.

## V.
## Jurisdictional Basis for Removal

5.1    Removal is proper pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

5.2    First, complete diversity of citizenship exists between the parties. Plaintiff represents that he is a Texas resident. *Plaintiff's Original Petition*, at § II, ***Ex. 1***. Costco is the only named Defendant in this lawsuit. *See id*. Costco is a Washington Corporation with its principal place of business in the State of Washington. *Franchise Tax Account Status, Office of Texas Comptroller*, ***Ex. 5***. Costco is therefore deemed a citizen of Washington for diversity purposes. *See* 28 U.S.C. § 1332(c). For these reasons, the parties are completely diverse, and removal is appropriate on this ground.

5.3    Second, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. The removing party bears the burden of proving that the facts of the case are sufficient to establish federal jurisdiction. *Powell v. Nat'l Action Fin. Servs.*, 2005 U.S. Dist. LEXIS 43832, *2, 2005 WL 1866150 (S.D. Feb. 7, 2019) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). The jurisdictional facts supporting removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

5.4    The amount claimed in the plaintiff's pleading is controlling on the amount in controversy, if the claim is apparently made in good faith. *See Powell v. Nat'l Action Fin. Servs.*,

2005 U.S. Dist. LEXIS 43832, *4, 2005 WL 1866150 (S.D. Tex. Aug. 4, 2005) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). In cases where, as in the one at bar, the Plaintiff fails to state the amount of monetary relief sought, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *List v. PlazAmericas Mall Tex. LLC*, 2019 U.S. Dist. LEXIS 19602, *2 (S.D. Tex. Feb. 7, 2019). This requirement is met if the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount. *Id.*

5.5     While Plaintiff does not specify the amount of damages he seeks, he does state that he incurred "serious bodily injuries" and he claims damages for past and future medical expenses, past and future physical impairment, past and future pain and suffering, as well as past and future mental anguish. *Plaintiff's Original Petition*, at §§ VIII-IX, ***Ex. 1***. The extent of the damages sought provides some context and indication as to the amount in controversy. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding that it was apparent from the petition that the plaintiff's claimed damages exceeded $75,000.00 where the plaintiff sought recovery for a number of damages elements).

5.6     Further, Plaintiff's pre-suit settlement demand letter requesting policy limits supports a finding that the amount in controversy is over $75,000.00. *Plaintiff's Settlement Demand Letter*, ***Ex. 6***. It is well-established that a plaintiff's pre-suit settlement demand letter can be considered in determining whether the amount in controversy exceeds the jurisdictional threshold. *See e.g., St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254-55 (5th Cir. 1998) (examining a pre-suit demand letter to determine whether the amount in controversy was satisfied); *Molina v. Wal-Malt Stores Texas, L.P.*, 535 F. Supp. 2d 805, 808 (W.D. Tex. 2008)

(citations omitted) ("Pre-suit demand letters may be submitted as evidence to demonstrate the amount in controversy exceeds $75,000").

5.7  Here, Plaintiff's written demand alleges that Plaintiff has incurred medical expenses of $84,765.00 and that he continues to experience problems from his injuries. *Plaintiff's Settlement Demand Letter*, **Ex. 6**. The extent of a plaintiff's alleged injuries, medical treatment, and medical expenses are considered in assessing the amount in controversy. *See Evett v. Consolidated Freightways Corp.*, 110 F. Supp. 2d 510, 512 (E.D. Tex. 2000) (finding that the amount in controversy exceeded $75,000.00 where the future medical expenses alone totaled $71,000.00 without including compensation for non-economic damage elements). The fact that Plaintiff's itemized damages amount to almost $10,000.00 over the jurisdictional limit—without taking into consideration any future expenses or damages—shows that the amount in controversy is established in this case.

## VI.
## Jury Demand

6.1  Costco asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Costco Wholesale Corporation prays that this Notice of Removal be deemed sufficient and that the proceedings attached hereto be removed from County Court of Law Number 9 in Hidalgo County, Texas to the docket of this Honorable Court.

Respectfully submitted,

Shelton & Valadez, P.C.
600 Navarro, Suite 500
San Antonio, Texas 78205-1860
Ph: (210) 349-0515
Fx: (210) 349-3666
rvaladez@shelton-valadez.com

By: _____
Robert A. Valadez
State Bar No. 20421845

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing was forwarded in accordance with the Texas Rules of Civil Procedure on the 8th day of February 2021, to:

**VIA EMAIL & ESERVE:**

George M. Rubio
grubio@grubiolaw.com
Vanessa R. Rubio
vanessa@grubiolaw.com
3608 Buddy Owens Blvd., Ste. A
McAllen, Texas 78504
Telephone: (956) 683-9999
Fax: (956) 683-8080

_____
ROBERT A. VALADEZ