7:21-CV-52

CAUSE NO. **CL-21-0007-I** _____

| | | |
|---|---|---|
| **DANIEL J. SAYLORS** | § | **IN THE COUNTY COURT** |
| | § | |
| **VS.** | § | **AT LAW NO. ____** |
| | § | |
| | § | |
| **COSTCO WHOLESALE** | § | |
| **CORPORATION AND** | § | |
| **COSTCO WHOLESALE** | § | **HIDALGO COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND WITH REQUESTS FOR DISCLOSURE, FIRST SET OF INTERROGATORIES, AND REQUEST FOR PRODUCTION**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **DANIEL J. SAYLORS**,   Plaintiff herein, and hereby complains of

**COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE,** Defendants, and

for cause of action states:

**I.**
**DISCOVERY PLAN**

Plaintiff intends to conduct discovery under Level 2 of the Texas Rule of Civil Procedure 190.

**II.**
**PARTIES**

Plaintiff **DANIEL J. SAYLORS** resides in Pharr, Hidalgo County, Texas.

Defendant, **COSTCO WHOLESALE CORPORATION,** is a business entity doing

business in Texas, and Defendant may be served with process by serving the **Office of the Texas**

**Secretary of State** as its agent for service at **P. O. Box 12079, Austin, Texas 78711-2079, Travis**

**County, Texas,** because the Defendant engages in business in this state but has designated a resident

agent for service of process. The Office of the Texas Secretary of State may obtain service of process

on Defendant **COSTCO WHOLESALE CORPORATION,** by serving its agent of said company

at: **CT Corporation System at 1999 Bryan, St., Ste. 900, Dallas, Texas 75201.**

Electronically Subm
12/30/2020 5:5
Hidalgo County (
Accepted by: Alma Nav

CL-21-0007-I

Defendant, **COSTCO WHOLESALE,** is purportedly a domestic for profit Corporation doing business in Texas. Plaintiffs sue said Defendant in its assumed or common name is sued under Rule 28 of the Texas Rules of Civil Procedure and includes suit against any and all partnerships, unincorporated associations, private corporations, and individuals doing business under the assumed name **"COSTCO WHOLESALE"** It is Plaintiff's intent by suing **" COSTCO WHOLESALE"** in its assumed or common name to sue the entity or entities responsible for any acts and/or omissions related to this lawsuit in the name of **"COSTCO WHOLESALE."** Plaintiff herein invokes Rule 28 of the Texas Rules of Civil Procedure as appropriate. Defendant may be served with process by serving the **Office of the Texas Secretary of State** as its agent for service at **P. O. Box 12079, Austin, Texas 78711-2079, Travis County, Texas.** The Office of the Texas Secretary of State may obtain service of process on Defendant for service of process and maybe served by process by serving the registered agent, **CT Corporation System at 1999 Bryan, St., Ste. 900, Dallas, Texas 75201.** Plaintiff respectfully request that such citation be expeditiously prepared, issued and returned to the office of RUBIO & ASSOCIATES, P.L.L.C., via-efiling, so that private process service may be arranged.

### III.
### VENUE

Jurisdiction is proper in that the amount in controversy greatly exceeds the minimum jurisdictional requirements of this Court.

Pursuant to Section 15.001 et seq of the Texas Civil Practice and Remedies Code, venue is proper in Hidalgo County in that all or part of this cause of action accrued in Hidalgo County, Texas.

CL-21-0007-I

## IV.
## FACTUAL BACKGROUND

On or about January 4, 2019, Plaintiff, **DANIEL J. SAYLORS,** was a customer in Defendants **COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE'S** store number #1108 located at 1501 West Kelly Ave., Pharr, Hidalgo County, Texas. As a result of Defendants, **COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE** holding open its premises for business in this manner and as a result of the purpose of Plaintiff, **DANIEL J. SAYLORS'** visit to such premises, Plaintiff, **DANIEL J. SAYLORS,** was at all times an invitee as that phrase is known in the law. Plaintiff, **DANIEL J. SAYLORS,** went and ordered food at the food counter and went to the fountain center to get drinks. As Plaintiff was walking back to his seat, he slipped and fell due to a spilled substance on the floor. As a result of Plaintiff's fall, he suffered serious bodily injuries, permanent impairment, past, present and future medical expenses.

Plaintiff sought and received medical attention for her injuries. All of such medical expenses and damages were foreseeable and were proximately caused by the acts and/or omissions on the part of Defendants herein, or on one or more of their agents, employees or representatives.

At the time and on the occasion made the basis of this Original Petition, Plaintiff, **DANIEL J. SAYLORS,** was an invitee on the premises of Defendants, **COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE.** Plaintiff had gone there for the purpose of eating.

During the course of Plaintiff's visit on Defendant's premises, Plaintiff, **DANIEL J. SAYLORS,** was caused to suffer injury as a result of a liquid on the floor. The liquid on the floor created an unreasonably dangerous condition on the premises of Defendants, **COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE,** knew or should have known of the unreasonably dangerous condition and neither corrected nor warned the Plaintiff, **DANIEL**

CL-21-0007-I

**J. SAYLORS,** of it.  Plaintiff, **DANIEL J. SAYLORS,** did not have any knowledge of the unreasonably dangerous condition and could not have reasonably been expected to discover it.  The failure to correct the condition or to warn Plaintiff, **DANIEL J. SAYLORS,** by Defendants, **COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE,** constituted negligence, and such negligence was a proximate cause of the occurrence made the basis of this Original Petition and the Plaintiff's resulting injuries and damages.  Plaintiff's conduct was reasonable and prudent at all times and did not in any way contribute to the incident and ensuing injuries suffered by Plaintiff, **DANIEL J. SAYLORS.**

**V.**
**NEGLIGENCE OF DEFENDANT**
**COSTCO WHOLESALE CORPORATION**

At all times mentioned herein, Defendant owned and controlled the property located at 1501 West Kelly Ave., Pharr, Hidalgo County, Texas.

At all times mentioned herein, Defendant had and exercised control over the premises. Defendant's negligence proximately caused Plaintiff's injuries and damages set forth herein.

Plaintiff brings this Original Petition to recover for bodily injuries, personal injuries, medical expenses, and other damages, sustained by Plaintiff as a result of an unreasonably dangerous condition on the premises of Defendants, **COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE,** Defendants, **COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE,** was guilty of acts and/or omissions which constituted negligence.

Agents, employees or representatives were in the course and scope of their employment with Defendants, **COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE,** Defendants, **COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE** negligently permitted a substance in the form of a liquid to remain on the floor and negligently or willfully allowed such condition to occur and continue. DEFENDANT negligently or willfully failed

Electronically Submi...
12/30/2020 5:5...
Hidalgo County C...
Accepted by: Alma Nav...

CL-21-0007-I

to warn Plaintiff of the unreasonably dangerous condition that was on the floor. This unreasonably dangerous condition existed despite the fact that DEFENDANT knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to PLAINTIFF. Furthermore, PLAINTIFF would show that the unreasonably dangerous condition on the floor had continued for such period that had DEFENDANT exercised ordinary care in the inspection and product displays on the floor surface area, DEFENDANT would have discovered and corrected the unreasonably dangerous condition.

At all times pertinent herein, agents, employees or representatives of DEFENDANT, who were acting in the scope of their employment, were guilty of negligent conduct toward the PLAINTIFF in the following particulars:

1. Defendant failed to maintain a safe premises for its patrons;

2. Defendant failed to inspect the premises for potential hazards which could result in damages to its patrons;

3. Defendant failed to maintain the premises to avoid potential hazards to its patrons;

4. Defendant failed to warn its patrons, including Plaintiff, of potential hazards;

5. Defendant knew or should have known of the hazard on its premises and did nothing to correct it.

6. Failing to discover and remove the improperly placed soda box from the floor within a reasonable time;

7. Failing to cordon the unreasonably dangerous area so that invitees such as Plaintiff would not trip on it; and,

8. Failing to place an employee in the area of the unreasonably dangerous condition in order to warn invitees such as Plaintiff.

Additionally, Defendant knew or should have known of the unreasonably dangerous condition on its premises and did nothing to correct it.

Electronically Subm...
12/30/2020 5:5...
Hidalgo County C...
Accepted by: Alma Nav...

**CL-21-0007-I**

As a proximate result of DEFENDANT'S negligence, PLAINTIFF suffered injuries and damages as set forth herein.

## VI.
## NEGLIGENCE OF DEFENDANT COSTCO WHOLESALE

At all times mentioned herein, Defendant owned and controlled the property located at 1501 West Kelly Ave., Pharr, Hidalgo County, Texas. At all times mentioned herein, Defendant had and exercised control over the premises. Defendant's negligence proximately caused Plaintiff's injuries and damages set forth herein. Plaintiff brings this Original Petition to recover for bodily injuries, personal injuries, medical expenses, and other damages, sustained by Plaintiff as a result of an unreasonably dangerous condition on the premises of Defendants, **COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE**, Defendants, **COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE**, was guilty of acts and/or omissions which constituted negligence. Agents, employees or representatives were in the course and scope of their employment with Defendants, **COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE**, Defendants, **COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE** negligently permitted a substance in the form of a liquid to remain on the floor and negligently or willfully allowed such condition to occur and continue. DEFENDANT negligently or willfully failed to warn Plaintiff of the unreasonably dangerous condition that was on the floor. This unreasonably dangerous condition existed despite the fact that DEFENDANT knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to PLAINTIFF. Furthermore, PLAINTIFF would show that the unreasonably dangerous condition on the floor had continued for such period that had DEFENDANT exercised ordinary care in the inspection and product displays on the floor surface area, DEFENDANT would have discovered and corrected the unreasonably dangerous condition. At all

Electronically Subm
12/30/2020 5:5
Hidalgo County (
Accepted by: Alma Nav

CL-21-0007-I

times pertinent herein, agents, employees or representatives of DEFENDANT, who were acting in

the scope of their employment, were guilty of negligent conduct toward the PLAINTIFF in the

following particulars:

1.   Defendant failed to maintain a safe premises for its patrons;

2.   Defendant failed to inspect the premises for potential hazards which could result in damages to its patrons;

3.   Defendant failed to maintain the premises to avoid potential hazards to its patrons;

4.   Defendant failed to warn its patrons, including Plaintiff, of potential hazards;

5.   Defendant knew or should have known of the hazard on its premises and did nothing to correct it.

6.   Failing to discover and remove the improperly placed soda box from the floor within a reasonable time;

7.   Failing to cordon the unreasonably dangerous area so that invitees such as Plaintiff would not trip on it; and,

8.   Failing to place an employee in the area of the unreasonably dangerous condition in order to warn invitees such as Plaintiff.

Additionally, Defendant knew or should have known of the unreasonably dangerous

condition on its premises and did nothing to correct it.

As a proximate result of DEFENDANT'S negligence, PLAINTIFF suffered injuries and

damages as set forth herein.

## VII.
## VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR

PLAINTIFF will show that at the time of the incident made basis of this lawsuit, Defendants,

**COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE** as respective owners

and/or controllers of their respective premises and products, acting by and through their respective

agents, employees or representatives, had actual or constructive knowledge of the unreasonably

dangerous condition since a reasonably careful inspection would have so revealed. Defendants failed

Electronically Submitted
12/30/2020 5:5
Hidalgo County (
Accepted by: Alma Nav

CL-21-0007-I

to warn PLAINTIFF of the unreasonably dangerous area where the liquid was on the floor so that PLAINTIFF would not slip and fall.

PLAINTIFF further alleges that it should have been reasonable and foreseeable to Defendants that an invitee might enter onto the premises, trip and fall, and suffer bodily injuries.

Additionally, and without waiving the foregoing, PLAINTIFF would show that Defendants had exclusive control of their respective store. Plaintiff's injuries would not have occurred in the ordinary course of events without the negligence on the part of Defendants. Defendants' employees, agents, or representatives were acting in the course and scope of their employment. Defendants should be held liable and responsible for the incident made the basis of this Original Petition and for the actions and/or omissions of their respective employees, agents, or representatives. The incident PLAINTIFF complains of would not have occurred in the ordinary course of events without the negligence of Defendants and/or their respective agents, employees or representatives under Respondeat Superior and Vicarious Liability.

Based on the acts and/or omissions stated in the foregoing paragraphs herein, each of the listed acts and/or omissions, singularly or in concert, constituted negligence on the part of each Defendant, and said negligence was the proximate cause of the incident made basis of this lawsuit and the resulting injuries and damages incurred and suffered by PLAINTIFF.

At the time and on the occasion in question, Plaintiff **DANIEL J. SAYLORS** was an invitee on Defendants **COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE,** property. During the course of Plaintiff's visit on Defendant's premises, was caused to suffer injury by the substance spilled on the floor which was the direct result of an unreasonably dangerous condition on Defendants' **COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE** premises. Defendants **COSTCO WHOLESALE**

Electronically Subm
12/30/2020 5:5
Hidalgo County
Accepted by: Alma Nav

CL-21-0007-I

CORPORATION and COSTCO WHOLESALE knew of the unreasonably dangerous condition and neither corrected nor warned Plaintiff DANIEL J. SAYLORS of it. Plaintiff DANIEL J. SAYLORS did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE's failure to correct the condition or to warn Plaintiff DANIEL J. SAYLORS constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries. Plaintiff's conduct was reasonable and prudent at all times and did not in any way contribute to the incident and ensuing injuries suffered by Plaintiff DANIEL J. SAYLORS .

## VIII.
## INJURIES TO PLAINTIFF DANIEL J. SAYLORS

Plaintiff sustained the following serious bodily injuries as a direct and proximate result of the Defendant's negligence:

a.    Neck pain;

b.    Upper back pain;

c.    Low back pain; and,

d.    Plaintiff, DANIEL J. SAYLORS suffered injuries to his body in general.

## IX.
## DAMAGES TO PLAINTIFF DANIEL J. SAYLORS

At the time and on the occasion made the basis of this Original Petition, Plaintiff DANIEL J. SAYLORS, was an invitee on the premises of Defendant, Defendant COSTCO WHOLESALE CORPORATION and COSTCO WHOLESALE.

As a direct and proximate result of the negligence of Defendant as alleged herein, Plaintiff DANIEL J. SAYLORS suffered the following damages:

CL-21-0007-I

    a.       Past medical expenses in the amount in excess of the jurisdictional limits of the Court;

    b.       Future medical expenses in excess of the minimum jurisdictional limits of the Court;

    c.       Past and future physical impairment in excess of the minimum jurisdictional limits of the Court;

    d.       Past and future pain and suffering in excess of the minimum jurisdictional limits of the Court; and,

    e.       Past and future mental anguish in excess of the minimum jurisdictional limits of the Court.

## X.
## TEXAS RULE OF CIVIL PROCEDURE 193.7 STATEMENT

Plaintiff, intends to use all documents produced by Defendant(s) in discovery.  Pursuant to Texas Rules of Civil Procedure Rule 193.7, Plaintiff gives actual notice to Defendants that any and all documents produced by any Defendant in response to written discovery may be used against any Defendant(s) at any pre-trial proceeding and at the trial of this matter without the need of authenticating said documents.

## XI.
## TEXAS RULE OF EVIDENCE 609(f) REQUEST FOR NOTICE

Pursuant to Texas Rule of Evidence 609(f), Plaintiff, **DANIEL J. SAYLORS**, requests Defendants provide written notice of their intent to admit a criminal conviction, as defined in Rule 609, against any witness or any witness or testifying expert witness relied upon at least 100 days before the end of the discovery period.

Electronically Subm
12/30/2020 5:5
Hidalgo County (
Accepted by: Alma Nav

CL-21-0007-I

## XII.
## RESERVATIONS OF RIGHTS AND RIGHT TO AMEND

Because of the nature and complexity of this incident, Plaintiff, **DANIEL J. SAYLORS**, reserves the right to prove the amount of damages at trial and the right to amend their petition to add or omit as appropriate, claims, allegations, causes of action, grounds for recovery, parties and damages as discovery continues.

## XIII.

Plaintiff requests pre-judgment and post-judgment interest as allowed by law.

## XIV.
## REQUESTS FOR DISCLOSURE

Pursuant to the provisions of Rule 194, Texas Rules of Civil Procedure, you are requested o disclose, within (50) days of service of this request, the information or material described in 94.2(a)-G).

## XV.
## ADDITIONAL DISCOVERY REQUEST ATTACHED HERETO

Attached, please find Plaintiff's First Set of Interrogatories, and First Requests for Production directed to Defendants **COSTCO WHOLESALE CORPORATION** and **COSTCO WHOLESALE**, who is hereby requested to answer same, within fifty (50) days after the service of the citation and petition.

## JURY DEMAND

Pursuant to Rule 216, Texas Rules of Civil Procedure, Plaintiff requests a trial by jury as to all issues of fact presented herein.

CL-21-0007-I

## PRAYER FOR RELIEF

FOR THE REASONS STATED, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein and that Plaintiff, upon final trial of this cause, have judgement against Defendants,  jointly and severally, in an amount in excess of the minimum jurisdictional limits of this Court, for costs of Court, pre-judgment and post-judgment interest at the highest legal rate, for the recovery of actual damages, and for such other and further relief, both special and general, to which Plaintiff may be entitled, in that of law and equity.

Respectfully Submitted,

RUBIO & ASSOCIATES, P.L.L.C.

GORGE M. RUBIO
State Bar No. 24029812
grubio@grubiolaw.com
VANESSA R. RUBIO
State Bar No. 24114765
vanessa@grubiolaw.com
3608 Buddy Owens Blvd, Ste. A
McAllen, Texas78504
(956) 631-9999-Tel
(956) 631-8080- Fax

ATTORNEYS FOR PLAINTIFF

CAUSE NO. ___CL-21-0007-I___

| | | |
|---|---|---|
| DANIEL J. SAYLORS | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NO. ____ |
| | § | |
| | § | |
| COSTCO WHOLESALE | § | |
| CORPORATION AND | § | |
| COSTCO WHOLESALE | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO DEFENDANT, COSTCO WHOLESALE CORPORATION AND COSTCO WHOLESALE

TO:    Defendants, **COSTCO WHOLE SALE CORPORATION AND COSTCO WHOLESALE**, by and through its registered agent, CT Corporation System at 1999 Bryan, St., Ste. 900, Dallas, Texas 75201.

Plaintiff requests that Defendant produce the following documents, records and things in accordance with Tex. R. Civ. P. 196 and in the instructions and definitions stated below.

Your responses to said discovery should be filed within fifty (50) days of the date of service hereof. You are further advised that your responses are deemed to be continuing in nature.

Respectfully Submitted;

RUBIO & ASSOCIATES, PLLC.

**GORGE M. RUBIO**
**State Bar No. 24029812**
grubio@grubiolaw.com
**VANESSA R. RUBIO**
**State Bar No. 24114765**
vanessa@grubiolaw.com
**3608 Buddy Owens Blvd., Ste. A**
**McAllen, Texas 78504**
**(956) 683-9999-Tel**
**(956) 683-8080- Fax**
**ATTORNEYS FOR PLAINTIFF**

CL-21-0007-I

## INSTRUCTIONS

1.   <u>Response Date</u> -- The documents must be produced or responses made within thirty (30) days after receipt of these requests for production.

2.   <u>Copies</u> -- In lieu of producing the original documents themselves, legible copies of the documents and records may be produced at the offices of Rubio & Associates located at 3608 Buddy Owens Blvd., Ste. A, McAllen, Texas 78504.

3.   <u>Supplementation</u> -- These requests require supplementation responses and documents if you obtain further relevant documents between the time the responses are served and the time of trial.

4.   <u>Correlation</u> -- Please indicate which produced documents correspond to which numbered requests.

## DEFINITIONS

1.   "Document" refers to and includes every writing or record of any type and description that is in your possession, custody or control. A document is deemed to be within your control if you may obtain possession from any other person or public or private entity having physical possession thereof. "Document" includes, without limitation, correspondence, memoranda, interoffice communications, hand written notes, drafts, studies, publications, invoices, ledgers, journals, books, records, accounts, pamphlets, voice recordings, reports, surveys, accident report, statistical compilations, work papers, data processing cards, computer tapes or printout, and/or all copies of each which contain any other writing or recording of any kind which does not appear on the original or on any other copy. To the extent that the information exists within a computer or a computer recorded medium, you are requested to reduce the information to paper copy.

2.   "You", "your", "Defendant" or "**COSTCO WHOLE CORPORATION**" refers to Defendant **COSTCO WHOLESALE CORPORATION AND COSTCO WHOLESALE.**

3.   "Plaintiff" or "**SAYLORS**" refers to Plaintiff, **DANIEL J. SAYLORS.**

4.   The "accident" refers to that incident occurring on or about January 4, 2019, which forms the basis of Plaintiff's claims in this action.

5.   Your "premises in question" or "premises" refers to the property located at 1501 West Kelly Avenue, Pharr, Hidalgo County, Texas.

CL-21-0007-I

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All photographs, motion pictures, videotapes, drawings, sketches and maps of the accident scene.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents regarding the inspection, maintenance or policies or procedures pertaining to the maintenance or cleaning of the premises for two (2) years prior and subsequent to the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Copies of any written statements or transcriptions of oral statements previously made by Plaintiff concerning the subject matter of this cause of action. If recordings were made of Plaintiff's oral statement(s) and no transcript is available, please produce a copy of the recording(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** A copy of any surveillance movies, photos, etc. of Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Copies of any records regarding any conviction of Plaintiff for a felony or crimes involving moral turpitude or any other documents regarding any criminal history the Plaintiff may have.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Copies of all medical records or bills you or your insurer or your attorneys have regarding minor Plaintiff's medical treatment for the subject accident (other than those provided to Defendant by Plaintiff).

**RESPONSE:**

CL-21-0007-I

**REQUEST FOR PRODUCTION NO. 7:** Copies of all medical records or bills you or your insurer or your attorneys have regarding any other injury or medical condition minor Plaintiff may have had before or after the subject accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents relating to any inspection, cleaning and maintenance of the floors which was performed within the six (6) month period prior to the occurrence of the accident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All newspaper articles or news videos that pertain to or reference the accident made the basis of this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All reports, publications, regulations or other documents evidencing any safety standards, laws, regulations, ordinances or industry standards which evidence the safety, inspection and maintenance of Defendant's premises.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Produce all documents and/or written reports made about the incident made the basis of this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Produce all documents or reports that you possess of any accidents occurring within the last five (5) years on any premises you now own or previously owned.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Produce all lease agreements regarding the premises where the accident occurred.

**RESPONSE:**

CL-21-0007-I

**REQUEST FOR PRODUCTION NO. 14**: Produce all documents that pertain to the ownership of the premises in question.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 15**: Produce all documents relating to any agreements employing a maintenance company to service the premises.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 16**: Produce all documents relating to the employees or agents of Defendant who were in charge of the premises at the time of the accident.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 17**: Produce all documents relating to any time sheets or work schedules for each employee, servant or agent of Defendant who worked at the premises in the location the incident occurred on the date of the accident.

**RESPONSE**:

**CAUSE NO.** CL-21-0007-I
**CAUSE NO.** _____

| | | |
|---|---|---|
| **DANIEL J. SAYLORS** | § | **IN THE COUNTY COURT** |
| | § | |
| **VS.** | § | **AT LAW NO. ____** |
| | § | |
| | § | |
| **COSTCO WHOLESALE** | § | |
| **CORPORATION AND** | § | |
| **COSTCO WHOLESALE** | § | **HIDALGO COUNTY, TEXAS** |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, COSTCO WHOLESALE CORPORATION AND COSTCO WHOLESALE

TO:     Defendants, **COSTCO WHOLE SALE CORPORATION AND COSTCO WHOLESALE,** by and through its registered agent, CT Corporation System at 1999 Bryan, St., Ste. 900, Dallas, Texas 75201.

COMES NOW, Plaintiff, in the above-entitled and numbered cause, and propounds the following interrogatories to Defendant, pursuant to Rule 197 of the Texas Rules of Civil Procedure. These interrogatories are to be answered separately and fully in writing, under oath, and served upon the undersigned attorneys within fifty (50) days after the service of these upon Defendant.

In answering these interrogatories, please furnish all information which is not privileged, however obtained, including hearsay which is available to you, and information known by or in possession of yourself, your agents, attorneys, investigators, employees or other representatives, or appearing in your records.

A question that seeks information contained in or information about or identification of any documents may be answered by providing a copy of such document for inspection and copying or by furnishing a copy of such document without a request for production.

Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer shall be clearly set out so that it is understandable. Moreover, if the spaces provided after each interrogatory are not sufficient, supplement any answer on a separate sheet of paper.

CL-21-0007-I

These questions are continuing in nature and require supplemental answers in the event you or your attorneys become aware of further information between the time your answers are given and the time of trial.

Respectfully Submitted;

RUBIO & ASSOCIATES, PLLC.

**GORGE M. RUBIO**
**State Bar No. 24029812**
**grubio@grubiolaw.com**
**VANESSA R. RUBIO**
**State Bar No. 24114765**
**vanessa@grubiolaw.com**
**3608 Buddy Owens Blvd., Ste. A**
**McAllen, Texas 78504**
**(956) 683-9999-Tel**
**(956) 683-8080- Fax**
**ATTORNEYS FOR PLAINTIFF**

CL-21-0007-I

## DEFINITIONS

As used herein, the following terms are defined as indicated:

(a)     The terms "you," "your," or "Defendant" and **COSTCO WHOLESALE CORPORATION and COSTCO** " shall mean yourself, your predecessors, successors, assigns, servants and/or representatives.

(b)     The terms "premises" and "property" refers to the property located at store number #1108 located at 1501 West Kelly Ave., Pharr, Hidalgo County, Texas, is referenced in Plaintiff's Original Petition.

(c)     The term "document" means any written matter or tangible thing within the meaning of Rule 166b(2)(b) of the Texas Rules of Civil Procedure and includes, but is not limited to, letters, memoranda, checks, check stubs, handwritten notes, reports, records, diaries, appointment books, ledgers, agreements, contracts, financial statements, statements of account, sound or tape recordings of any kind or character (or transcriptions thereof), newspaper or periodical pages or clippings, applications, draw requests, disbursements, net profit agreements, letters, income tax returns and accompanying forms, or any other written matter or instrument which contains any information or from which information can be derived or retrieved.

(d)     The term "describe" means a detailed statement of all things relating to or affecting the particular subject to be described, including but not limited to, dates and places and the names and addresses of any persons involved. With reference to documents, reports, or other written matter, the term "describe" also includes a detailed statement of the substance of the facts and opinions made reference to or stated in each document, report or written matter.

(e)     The term "identify" when used in reference to a document means to state (1) the type of document (e.g., invoice, letter, memoranda, telegram, etc.); (2) the date thereof; (3) any descriptive name, file code or numerical symbol assigned to or reflected on the document; (4) its present location and custodian; and (5) the name of each author and recipient thereof.

(f)     The term "identify" when used in reference to a natural person means to state (1) the person's full name; (2) current or last known residence and business addresses; and (3) residence and business telephone numbers (with area code prefix); If any of the above information is not available, state any other means of identifying such person.

(g)     The term "identify" when used in reference to any entity other than an individual natural person, means to set forth its (1) full name or title; (2) nature of organization; (3) address and telephone number (including area code prefix); and (4) all persons who acted and/or authorized another to act on its behalf in connection with the matters referred to. If any of the above information is not available, state any other means of identifying such person.

CL-21-0007-I

(h)     The term "identify" when used in reference to a place, means to state to the fullest extent possible the street address, local, city or state in which it is situated, or if such identification is not possible, otherwise describe its location as precisely as possible. If any of the above information is not available, state any other means of identifying such place.

(i)     The term "identify" when used in reference to a communication, means to: (1) state the place, date and circumstances surrounding such communication; (2) identify each person participating therein and each additional person who was present; (3) state the substance of what was said by each participant; (4) state whether there are any documents which set forth, summarize or refer to the substance of any communication; and (5) if such documents exist, identify each document. If any of the above information is not available, state any other means of identifying such communication. Answers to interrogatories requesting identification or description of certain communications or documents may be satisfied by attaching a true and correct copy of any written document, report, invoice, letter, correspondence, or other written matter containing the requested information.

(j)     The term "person" or "persons" as used herein shall include natural persons, joint ventures, corporations, governmental departments and agencies, partnerships, groups, associations or organizations.

(k)     As used herein, the words "and' and "or" shall be construed both conjunctively and disjunctively as required by the context to elicit all information requested and discoverable within the scope of these interrogatories.

CL-21-0007-I

## INTERROGATORIES

**INTERROGATORY NO. 1**: Has the Defendant been correctly named and served in this lawsuit? If your answer is anything other than an unequivocal yes, then please state the correct legal name and address of this Defendant.

**ANSWER:**

**INTERROGATORY NO. 2**:  Identify the owner and/or owners of the premises where the accident occurred, including their name, address and telephone number.

**ANSWER:**

**INTERROGATORY NO. 3**: Identify any and all of your employees, servants or agents who worked on the premises where the accident happened on the date of the accident, including their name, address and telephone number, including any who spoke to Plaintiff on the date of the accident.

**ANSWER:**

**INTERROGATORY NO. 4**: If the premises on which the accident occurred were leased, identify the lessor and the terms and conditions of the lease, including any covenant to repair.

**ANSWER:**

**INTERROGATORY NO. 5**: Describe, in chronological order, how the accident leading to Plaintiff's injury occurred.

**ANSWER:**

**INTERROGATORY NO. 6**: State where on the premises the accident occurred, giving the distance, in feet, to fixed objects or boundaries to the premises.

**ANSWER:**

**INTERROGATORY NO. 7**: Describe any defective condition or foreign substances that caused or contributed to the accident.

**ANSWER:**

**INTERROGATORY NO. 8**:  Describe the surface condition of the area in question including any repairs or maintenance performed to the area in question prior to the accident.

**ANSWER:**

**INTERROGATORY NO. 9**: If you knew of the defective condition of the area in question prior

CL-21-0007-I

to the accident, when did you learn of the defect and what did you do, if anything, to correct the defect?

**ANSWER:**

**INTERROGATORY NO. 10**: If a regular procedure for maintaining and cleaning the area in question was implemented at the time of the accident, describe the procedure in detail, when was the last time the area in question was cleaned  and list the maintenance company (name, address and telephone number), if any, that is responsible for the maintenance and area in question.  If no maintenance company was used, identify who cleaned and maintained the area in question.

**ANSWER:**

**INTERROGATORY NO. 11**: How often is the area in which the subject of this lawsuit cleaned or monitored and what precautions were taken to prevent accidents from happening?

**ANSWER:**

**INTERROGATORY NO. 12**: Describe any warnings or signs that were posted in the area in question at the time of the accident to warn invitees of any potential hazards.

**ANSWER:**

**INTERROGATORY NO. 13**: Describe the lighting condition of the premises, including the amount of natural or artificial light that was present at the location and time of the accident.

**ANSWER:**

**INTERROGATORY NO. 14**: If you contend that Plaintiff was negligent in causing Plaintiff's injuries, provide the factual basis for this contention.

**ANSWER:**

**INTERROGATORY NO. 15**: If you contend Plaintiff did not mitigate his damages, provide the factual basis for this contention.

**ANSWER:**

**INTERROGATORY NO. 16**: List all accidents that occurred on the premises for the two (2) years prior to the accident made the basis of this action and include the name, address and telephone numbers of any injured party.

**ANSWER:**

**INTERROGATORY NO. 17**: If you have ever been sued for a premise liability cause of action or any other personal injury cause of action in the five (5) years prior to the lawsuit made the basis of

CL-21-0007-I

this action or since the instant lawsuit was filed, list the name, address, telephone number of the suing party and their attorney's name, address and telephone number.

**ANSWER:**

**INTERROGATORY NO. 18**: Please state whether or not you have in your possession, custody or control, a copy of any statement made by Plaintiff.

> For the purpose of this question, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it, or (2) a stenographic, mechanical, electrical, or the recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**ANSWER:**

**INTERROGATORY NO. 19**: Please state the substance of every conversation you have had with Plaintiff, Plaintiff's agents or representatives, and every conversation you overheard at the scene of the accident, including the name, address and phone number of each person to whom you spoke.

**ANSWER:**

**INTERROGATORY NO. 20**: State what, if any, type of substance was on the floor which attributed to Plaintiff's fall and resulting injuries.

**ANSWER:**

**INTERROGATORY NO. 21**: Identify all employees who were working and/or scheduled to work in the department where Plaintiff fell and injured himself on the date in question.

**ANSWER:**

**CAUSE NO. CL-21-0007-I**

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you."

To:    COSTCO WHOLESALE CORPORATION
       BY SERVING OFFICE OF THE TEXAS SECRETARY OF STATE
       PO BOX 12079
       AUSTIN,TX  78711-2079, THE OFFICE OF TEXAS SECRETARY MAY OBTAIN SERVICE
       BY SERVING REGISTERED AGENT: CT CORPORATION SYSTEM
       1999 BRYAN ST., SUITE 900
       DALLAS, TEXAS  75201

GREETINGS: You are commanded to appear by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M.  on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #9 of Hidalgo County, Texas, by and through the Hidalgo County Clerk at 100 N. Closner, First Floor, Edinburg, Texas 78539.

Said Plaintiff's Petition was filed in said Court, on the 30th day of December, 2020 in this Cause Numbered CL-21-0007-I on the docket of said Court, and styled,

**DANIEL J. SAYLORS**
**vs.**
**COSTCO WHOLESALE CORPORATION; COSTCO WHOLESALE**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
   GORGE M. RUBIO
   3608 BUDDY OWENS BLVD STE B
   MCALLEN TX 78501

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 6th day of January, 2021.



ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
COUNTY COURT AT LAW #9

BY _____ DEPUTY
       ESTER C. ESPINOZA

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
     Came to hand on the _____ day of _____, 20 _____, at _____ o'clock _____
M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

     Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

NAME _____ DATE _____ TIME _____ PLACE _____

By: _____     By: _____
     CIVIL PROCESS SERVER                  DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
     Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

NAME _____ DATE _____ TIME _____ PLACE _____

By; _____     By: _____
     CIVIL PROCESS SERVER                  DEPUTY SHERIFF/CONSTABLE

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
CONSTABLE OR CLERK OF THE COURT**

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and my address is

_____. I declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____ County, state of Texas, on the ____ day of _____, 20____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number